Smith, J., concurring: I concur in the result reached by the Tax Court in this case. I do not think that the petitioner Arnett is liable to income tax upon any part of the income of the alimony trust which was properly paid over by him to Princess Lida. My reason for that conclusion is that in my opinion no part of the income of that trust for the taxable years here in question was taxable income of Fitzgerald. If it was taxable income of Fitzgerald, then the income tax laws are not so mechanically deficient as to make it impossible for the respondent to collect an income tax upon the income of the trust. If Fitzgerald is liable to income tax on the trust, then Arnett, the one who in the first instance received the income, should at least be liable as a withholding agent upon Fitzgerald’s income. We held in Princess Lida of Thurn and Taxis, 37 B. T. A. 41, that Princess Lida was not taxable upon the income of the alimony trust. This holding was apparently correct in the light of Supreme Court decisions bearing upon the question. But, since that time the Supreme Court has clarified the law in Helvering v. Fitch, 309 U. S. 149; Helvering v. Fuller, 310 U. S. 69; and Pearce v. Commissioner, 315 U. S. 543. Upon the facts in this case, I do not think that Fitzgerald had a continuing liability for the support of Princess Lida after the so-called alimony trust was fully established. There can be no question but that all parties concerned considered that Fitzgerald had fulfilled all of his obligations for the support of his wife by the establishment of the alimony trust. After that trust was established the income therefrom belonged to Princess Lida. She is the logical target for the tax and she is the only one from whom any income tax due can be collected. The trustees of the trust were entitled in filing returns for the trust to deduct from gross income the amounts of income properly paid over to Princess Lida. She had a life interest in the trust and is taxable upon the income in accordance with Irwin v. Gavit, 268 U. S. 161. I therefore think that Arnett has no liability for tax as withholding agent or under section 3467, Revised Statutes, as amended.